IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES LEE ANTHONY,

     Plaintiff,

v.                                 CASE NO. 5:15-cv-226-MP-GRJ

COLONEL STOIC, et al.,

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Gulf Correctional Institution, initiated this civil action by filing ECF No. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  The undersigned recommended that the case be dismissed because Plaintiff is subject to the 28 U.S.C. § 1915(g) three-strikes bar and his allegations did not reflect that he satisfied the "imminent danger" exception to the bar.  ECF No. 3.  Specifically, the Complaint alleged that in May 2014 Plaintiff was assaulted by Officer Pippen at Gulf CI.  Plaintiff subsequently was transferred to Northwest Florida Reception Center (NWFRC), where he was assaulted by other officers.  He was then transferred back to Gulf CI.  Because Plaintiff's claims did not allege ongoing mistreatment at Gulf CI, the undersigned

concluded that the Complaint was due to be dismissed pursuant to the three-strikes bar. *Id*.

Plaintiff filed objections making additional factual allegations in support of his claim that he satisfies the imminent danger exception, in particular that he sustained a broken neck in the incident at NWFRC and that medical staff at Gulf CI are not providing treatment for the injury. Plaintiff stated in his objections that his neck injury is causing numbness and potential paralysis that constitutes an imminent threat of serious physical injury. ECF No. 4.  In view of these objections, the district judge recommitted the matter to the undersigned for further consideration. ECF No. 5.

The undersigned then ordered Plaintiff to file a motion for leave to proceed as a pauper on or before November 24, 2015. ECF No. 6. Plaintiff requested and received extensions of time to file his motion, together with his account statement and a signed prisoner consent form. Plaintiff did not fully comply with the Court's orders until February 19, 2016. ECF No. 20 (prisoner consent form).  The Court granted Plaintiff leave to proceed as a pauper. ECF No.  14.

While the Court was awaiting Plaintiff's compliance with the IFP

requirements, the Court undertook further review of Plaintiff's claims. Plaintiff's unsworn allegations in his objections reflected that (1) he is being denied medical treatment for his neck injury at Gulf CI, and (2) he is being subjected to "constant threat of bodily harm" for writing grievances at Gulf CI.  ECF No. 15.  Accepting these allegations as true, the Court determined that Plaintiff's objections did not establish that he faces an imminent danger of physical injury by Officer Pippen at Gulf CI or by any of the other named Defendants in the original Complaint, who are officers and officials at NWFRC involved in the May 2014 incidents.  Further, Plaintiff's claim that he was being subjected to "constant threat of bodily harm" at Gulf CI was conclusional and lacking in any factual support.   ECF No. 15. The Court therefore concluded that Plaintiff should be required to file an Amended Complaint limited to claims for which he can show that he faces an imminent danger of serious bodily injury at his present place of confinement, Gulf CI.  ECF No. 15.

Plaintiff filed an Amended Complaint on February 16, 2016.  ECF No. 19.  The Amended Complaint identifies one defendant by name, S. Lowery, and one "John Doe" defendant.  According to the allegations of the Amended Complaint, S. Lowery is a nurse practitioner at Gulf C.I.  Plaintiff

alleges that on an unspecified date he initiated a sick call request complaining about numbness in his hand and foot.  He was seen the next day by Nurse Lowery who said she would put Plaintiff in to see the doctor.  A week later, Plaintiff saw Nurse Lowery again and complained of numbness.  Nurse Lowery performed a pinprick test and then ordered x-rays of Plaintiff's neck.  Plaintiff saw Nurse Lowery after the x-rays and she told him that he had two broken "V" (presumably vertebrae) in his neck. ECF No. 19 at 5.

Plaintiff told the nurse that he was injured during the use of excessive force at NWFRC in May 2014.  Nurse Lowery told Plaintiff that she wanted to send him to Lake Butler Reception and Medical Center for a CAT scan. Plaintiff alleges that he "learned from Nurse Lowery that he would be transported back to NWFRC in order to go to Lake Butler Medical Center." Plaintiff then filed a refusal to be transported for medical treatment. Plaintiff says that he explained to Nurse Lowery that he feared being beaten or killed if he returned to NWFRC.  ECF No. 19 at 5-6.

Plaintiff claims that Nurse Lowery was deliberately indifferent to his serious medical needs "for failing to report his injuries to the administration."  He contends that she failed to offer him any additional

treatment rather than being transported to Lake Butler via NWFRC.  He

alleges that he is in "imminent danger of serious injury or death even

permanent paralysis" due to the injuries that he sustained in May 2014.

Plaintiff also alleges that he has been threatened by defendant "John Doe"

for writing grievances about his medical care and has been subjected to

anti-Semitic remarks by "John Doe".  Plaintiff also references nonspecific

threats by "Defendant Hazelwood," but he has not named that person as a

defendant.  For relief, Plaintiff seeks an injunction "preventing any further

assaults," two million dollars in punitive damages, and transfer to a

different DOC region.   ECF No. 19 at 7.

Even liberally construed, the allegations of the Amended Complaint

fall far short of showing that Plaintiff faces an imminent danger of serious

physical injury sufficient to overcome the three-strikes bar.   The relevant

inquiry is "whether [the] complaint, as a whole, alleges imminent danger of

serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir.

2004).  General allegations that are not grounded in specific facts which

indicate that serious physical injury is imminent are not sufficient to invoke

the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050

(8th Cir. 2003).  The Plaintiff must make "specific fact allegations of

ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

First, as to the only named Defendant, Nurse Lowery, the allegations of the Amended Complaint reflect that she has provided Plaintiff with medical care for his complaints of numbness stemming from his neck injury, and that she sought to obtain further diagnostic care for Plaintiff at Lake Butler.  Plaintiff concedes that he voluntarily refused to be transported for such care due to his fear of harm at NWFRC.  There are no

factual allegations suggesting that a nurse practitioner at Gulf CI has any authority to provide a different form of transportation for Plaintiff or could direct that Plaintiff's transport be made to or through a different facility. Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional

claim.").

In this case, Plaintiff's allegations reflect that he *is* receiving medical care from Nurse Lowery. Plaintiff's allegations therefore do not establish a deliberate-indifference claim against her. Moreover, while the Court accepts as true Plaintiff's allegation that he experiences ongoing physical problems stemming from his neck injury, the injury occurred almost two years ago and his present complaints do not suggest that the injury in fact poses an imminent danger, which is the applicable standard in view of Plaintiff's status as a three-striker. *See* ECF No. 19.

As to Defendant "John Doe," the Court again concludes that Plaintiff's claims that he has been threatened with bodily harm by an unnamed defendant are far too vague and conclusional to satisfy the imminent-danger exception. *See White,* 157 F.3d at 1231.

Plaintiff has filed a "motion for issuance of summons," ECF No. 21, and a motion seeking leave to again amend the complaint, ECF No. 22. Plaintiff's motion, ECF No. 22, alleges that he is being retaliated against for filing grievances. These allegations bear no relationship to the neck injury for which this matter was recommitted to the undersigned for further consideration as to whether Plaintiff has satisfied the "imminent danger

exception.   *See* ECF No. 5.  Plaintiff's allegations are clearly too vague and conclusional to satisfy the imminent-danger exception.  *See White,* 157 F.3d at 1231.

Accordingly, it is **ORDERED** that Plaintiff's motion for issuance of summons, ECF No. 21, and motion for leave to amend complaint, ECF No. 22, are **DENIED.**

It is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **REVOKED**, and that this case should be **DISMISSED** without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 3rd day of May 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**